# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-50059
Summary Calendar

DOLLY E. GATES VARGAS,

Plaintiff-Appellee/Cross-Appellant,

versus

HORIZON/CMS HEALTHCARE CORPORATION,

Defendant-Appellant/Cross-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(EP-97-CV-67-DB)

December 23, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

A jury awarded Dolly Gates Vargas $24,500 in compensatory damages against Horizon/CMS Healthcare Corporation for its retaliation against her for taking leave under the Family & Medical Leave Act (FMLA),[1] and $125,500 in damages under Title VII[2] because she was fired because of her pregnancy. The

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[1] 29 U.S.C. § 2601 et seq.

[2] 42 U.S.C. § 2000e et seq.

district court granted Horizon a judgment as a matter of law as relates to the FMLA claim and denied same as relates to the Title VII claim. Both parties appeal.

## BACKGROUND

In October 1993, Horizon retained Vargas as Director of Nurses for its nursing home facility. Several months later, Vargas became pregnant. After she suffered fainting spells and dizziness, a doctor recommended that she not return to work because of the high-risk nature of her pregnancy. Vargas took paid time off before requesting and receiving leave that commenced in November 1994.

At the end of her leave, Horizon restored Vargas to substantially the same position. Four months after returning to work, Vargas became pregnant again, and the following month, Richard Boswell, her supervisor, learned of this second pregnancy. When Vargas suffered from the flu and missed a few days of work in January 1996, Boswell checked the costs Horizon had incurred because of Vargas' earlier pregnancy and was taken aback by the substantial expense. There was no evidence that Boswell's investigation of the disability expenses resulting from Vargas' FMLA leave was part of an overall inquiry into such expenses. Shortly thereafter, in February 1996, Joe Turmes suspended Vargas, purportedly for directing nurses to backdate medical records. Turmes consulted with Boswell before the pair jointly decided to suspend, and eventually terminate, Vargas.

Vargas initiated this action, alleging that Horizon's decision was in retaliation for her earlier leave taken under the FMLA, and that the decision was motivated by her pregnancy. The jury returned a verdict for Vargas on both claims

2

as above noted. Horizon moved for judgment as a matter of law with respect to both claims. The district court granted Horizon judgment as a matter of law with respect to the award of damages on the FMLA claim, denying the remainder of Horizon's motion. The court also denied Horizon's motion for a new trial. Horizon timely appealed these denials, and Vargas timely cross-appealed the grant of judgment as a matter of law for Horizon with respect to her FMLA claim.

## ANALYSIS

In reviewing a motion for judgment as a matter of law in an action tried by jury, we may overturn the jury's verdict only if it is not supported by legally sufficient evidence, that is, evidence of such quality and weight that reasonable and fair-minded individuals exercising impartial judgment might reach different conclusions.[3] In making this determination, we view all the evidence in the light most favorable to the verdict, and reverse only if no reasonable jury could have reached such a verdict.[4]

We find no error in the district court's determination that the evidence presented a jury question concerning Horizon's alleged FMLA retaliation.[5]

_____

[3] **Rhodes v. Guiberson Oil Tools**, 75 F.3d 989 (5th Cir. 1996) (en banc) (ADEA context).

[4] **Id.**

[5] The district court concluded that a *prima facie* case for a FMLA retaliation claim includes the following elements: (1) plaintiff took FMLA leave; (2) plaintiff suffered an adverse employment action; and (3) there was a causal connection between the adverse action and plaintiff's taking FMLA leave. The district court's interpretation of the FMLA is consistent with the views of other courts of appeal. **Hodgens v. General Dynamics Corp.**, 144 F.3d 151 (1st Cir. 1998); **Cline v. Wal-Mart Stores, Inc.**, 144 F.3d 294 (4th Cir. 1998) (stating its belief, but not actually

Without objection, the district court instructed the jury that it should find for Vargas if retaliation, more likely than not, motivated Horizon's employment decision. Horizon maintained that its employment decision was motivated solely by Vargas' role in the backdating of medical records. Vargas postulated that Horizon's decision was improperly motivated, as evidenced by the close temporal proximity between Boswell's review of expenditures stemming from her FMLA leave and his participation in the decision to suspend her. In arguing that Horizon's stated rationale was mere pretext, Vargas noted that, unlike herself, those individuals who purportedly made the backdated entries in the medical records were neither suspended nor terminated. Consequently, Vargas asserts, there was a fact issue as to the motivation behind Horizon's employment decision.[6] Thus, this and other evidence was sufficient to allow the jury to determine that Horizon retaliated against Vargas for her exercise of FMLA leave, bringing the issue of damages to the fore.

The FMLA allows wronged plaintiffs to recover damages for salary and employment benefits lost as a result of improper employment actions.[7] The evidence must support any award of damages.[8] The trial court granted Horizon's

---

reaching the issue); **Richmond v. Oneok, Inc.**, 120 F.3d 205 (10th Cir. 1997).

[6] **Fowler v. Carrollton Pub. Library**, 799 F.2d 976, 984 (5th Cir. 1986) ("Motivation presents a classic jury issue."(ADEA context)).

[7] 29 U.S.C. § 2617(a)(1)(A)(i)(I) ("any wages, salary, employment benefits, or other compensation").

[8] **Rhodes v. Guiberson Oil Tools**, 82 F.3d 615 (5th Cir. 1996) (ADEA context).

4

motion for judgment as a matter of law because Horizon did not reduce Vargas' salary or benefits after her return from her FMLA leave. Thus, according to the district court, Vargas suffered no damages as a result of her FMLA leave. Although this observation is accurate, it does not address Vargas' claim nor the jury's finding.

The district court determined that there was sufficient evidence of retaliation. The retaliation was the employment actions that followed Boswell's investigation into the costs incurred as a result of Vargas' FMLA leave. The loss alleged by Vargas, and obviously as found by the jury, is the loss resulting from Horizon's improper suspension and termination, not a loss from any reduction in either compensation or benefits immediately following Vargas' FMLA leave and her return to work.

We need look no further than Vargas' salary to conclude that there was sufficient evidence to support the jury's award of damages. Without objection, the district court instructed the jury that it could compensate Vargas for any damages that she had suffered "to date" (October 1997). Unchallenged testimony established that Vargas received $47,675 in annual salary at the time of her suspension in February 1996 and that she was not employed again until April 1997. The jury could have inferred that Vargas would have remained employed at Horizon until April 1997.[9] Even assuming that Vargas received twelve weeks of

---

[9] Presumably the jury could have inferred that Vargas would have remained employed at Horizon until October 1997, the month of its verdict; but this inference need only reach the month of April 1997 for today's disposition.

leave for her pregnancy,[10] the jury could have inferred that Vargas would have been compensated for the remaining weeks between February 1996 and April 1997. Based upon her annual salary of $47,675, such compensation would have exceeded $24,500. We perforce must therefore conclude that there was sufficient evidence upon which the jury could base its award of $24,500.

Accordingly, we vacate that part of the district court's order that granted Horizon's motion for judgment as a matter of law with respect to the jury's award of FMLA damages, and we reinstate the jury's award of $24,500. We otherwise affirm the district court's denial of Horizon's motion for judgment as a matter of law and also its denial of Horizon's motion for a new trial.

AS MODIFIED, the judgment is AFFIRMED.

---

[10] Horizon's FMLA policy allows for twelve weeks of leave for "the birth of a son or daughter of [an] employee and in order to care for such son or daughter . . . ." We assume that Vargas' earlier leave was premised upon a "serious medical condition" for the following reasons. First, her earlier leave extended for six months (November 1994-May 1995) and Horizon's FMLA policy allows for such extended leave only under a "serious health condition" provision that mirrors 29 U.S.C. § 2612(a)(1)(D). Second, at the time her leave commenced, Vargas was only midway through her pregnancy, so neither the "birth" provision nor any remaining provision seems applicable. Third, Horizon presented no arguments to the contrary.

We distinguish the basis for each leave because of certain limitations within Horizon's FMLA policy. Horizon's FMLA policy limits leave taken under the "birth" provision to twelve weeks *during any twelve-month period*. Similarly, the policy limits leave taken under the "serious health condition" provision to six months *during any twelve-month period*. The policy, however, does not bar an employee from taking leave under both provisions during a twelve-month period.

6